UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| ILE RAY NIX, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CASE NO. 1:20-cv-00224-CLC-CHS |
| v. | : | |
| | : | |
| CITY OF CHATTANOOGA, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

## ANSWER TO SECOND AMENDED COMPLAINT

Come now the Defendants, City of Chattanooga and Sergeant Michael Joiner ("Sgt. Joiner"), Officer Leslie Corbin ("Officer Corbin"), Officer Bobby Moses ("Officer Moses"), and Officer Matthew Puglise ("Officer Puglise"), in their official capacities as police officers with the Chattanooga Police Department and in their individual capacities, (collectively "the Defendants") by and through counsel, and for answer to the Second Amended Complaint for Violation of Civil Rights ("Second Amended Complaint") (Doc. 18) filed against them by Ile Ray Nix ("the Plaintiff"), state as follows:

## FIRST DEFENSE

The Second Amended Complaint fails to state a claim against the Defendants upon which relief can be granted.

## SECOND DEFENSE

For answer to the specific allegations of the Second Amended Complaint, the Defendants state as follows:

1. The allegations contained in Paragraph I.A. of the Second Amended Complaint do not require a response from the Defendants. To the extent that a response is required, upon information and belief, the Defendants admit the allegations.

2. In response to the allegations contained in Paragraph I.B. of the Second Amended Complaint, including the continuation of Paragraph I.B. at Document 18, p. 7, the Defendants admit the allegations with the clarification that the ZIP code for the City of Chattanooga is 37402, that the city, state, and ZIP code for Defendant Bobby Moses should be Chattanooga, Tennessee 37406, and that the telephone number listed for the Defendant Officers is that of the Office of the City Attorney. The Defendants also admit that the Plaintiff is suing the Defendant Officers in both their official and individual capacities. The Defendants assert that proper service for all Defendants is through the Office of the City Attorney, 100 East 11th Street, Suite 200, Chattanooga, Tennessee 37402.

3. In response to the allegations contained in Paragraphs II.A. and II.B. of the Second Amended Complaint, the Defendants admit that the Plaintiff has filed claims against local officials under 42 U.S.C. § 1983 alleging violations of the First, Fourth, and Fourteenth Amendments to the United States Constitution. The Defendants deny that any of them violated the Plaintiff's rights under the First, Fourth, and Fourteenth Amendments or any other constitutional or statutory provisions. All remaining allegations in Paragraphs II.A. and II.B. are denied.

4. In response to the allegations contained in Paragraph II.D. of the Second Amended Complaint, the Defendants admit that the Defendant Officers were on-duty uniformed Chattanooga Police Department ("CPD") officers acting under color of state law at the times of the alleged events giving rise to this lawsuit. The Defendants deny that any of them are liable under Section 1983 for any actions alleged in the Second Amended Complaint.

5. In response to the allegations contained in Paragraph III.A. of the Second Amended Complaint, the Defendants admit that one incident alleged in the Plaintiff's Second Amended Complaint occurred on October 3, 2019, at or near the Bessie Smith Cultural Center, 200 East M L King Boulevard, Chattanooga, Hamilton County, Tennessee, and that the other alleged incident occurred on October 6, 2019, at or near the intersection of Broad Street and Aquarium Way, Chattanooga, Hamilton County, Tennessee.

6. In response to the allegations contained in Paragraph III.B. of the Second Amended Complaint, the Defendants deny that the incidents in suit occurred at the times stated therein. The Defendants assert that the incident on October 3, 2019, occurred between approximately 7:00 p.m. and 8:00 p.m. and that the incident on October 6, 2019, occurred between approximately 11:37 a.m. and 12:10 p.m.

7. In response to the allegations contained in the first paragraph of Paragraph III.C. on p. 4 of the Second Amended Complaint, the Defendants admit that on October 3, 2019, the Plaintiff was standing on or near a public sidewalk near the Bessie Smith Cultural Center in the 200 block of East M L King Boulevard, where an LGBTQ event was taking place. The Defendants admit that the Plaintiff was holding a sign and making verbal statements alternately in a loud voice and with a megaphone that amplified his voice. The Defendants admit that complaints were made to CPD about the disruption caused by the Plaintiff's loud voice and use of the megaphone and that at least one complaint was from an individual associated with the event and/or the Bessie Smith Cultural Center. The Defendants admit that Officers Corbin and Moses responded to the scene, observed the Plaintiff's behavior, and approached the Plaintiff to address his behavior. The Defendants admit that Sgt. Joiner also arrived on scene and asked the Plaintiff to step away from the crowd with him so that they could talk where it was quieter, but that the Plaintiff refused. The

Page **3** of **10**

Case 1:20-cv-00224-CLC-CHS   Document 29   Filed 10/08/20   Page 3 of 10   PageID #: 125

Defendants admit that Sgt. Joiner, Officer Corbin, and/or Officer Moses explained to the Plaintiff that his conduct constituted disorderly conduct in violation of Tenn. Code Ann. § 39-17-305. The Defendants admit that when the Plaintiff continued to speak in a loud voice and use the megaphone, Sgt. Joiner arrested the Plaintiff, placed him in handcuffs, and charged him with disorderly conduct. The Defendants admit that at least part of the Plaintiff's comments involved religious matters. The Defendants are without sufficient information or knowledge to admit or deny that the Plaintiff was "shar[ing] God's Word on various things as He led [the Plaintiff], including sexual orientation." Therefore, for purposes of this Answer, that allegation is denied. The Defendants deny that any of them expressed "personal disapproval" of the Plaintiff's message. The Defendants admit that the Plaintiff was not threatening anyone but deny that he was not behaving aggressively. The Defendants deny that Sgt. Joiner grabbed the Plaintiff's sign and shook it. The Defendants are without sufficient information or knowledge to admit or deny that the Plaintiff was "surprised" during the incident; therefore, for purposes of this Answer, that allegation is denied. The Defendants assert that the Plaintiff was issued a citation in lieu of arrest for the misdemeanor charge of disorderly conduct and released without being booked at the jail that evening. All remaining allegations in the first paragraph of Paragraph III.C. on p. 4 are denied.

8. In response to the allegations contained in the first paragraph of the Plaintiff's narrative under Paragraph III.C. on p. 7 of the Second Amended Complaint, the Defendants are without sufficient information or knowledge to admit or deny that the Plaintiff captured the entire incident on video; therefore, for purposes of this Answer, that allegation is denied. However, the Defendants assert that they have video of the incident that was recorded on bodyworn cameras and an in-car camera. The Defendants admit that the charge of disorderly conduct was dismissed but have no knowledge or information about the dismissal. The Defendants deny that they improperly

Page **4** of **10**

Case 1:20-cv-00224-CLC-CHS   Document 29   Filed 10/08/20   Page 4 of 10   PageID #: 126

suppressed the Plaintiff's rights under the First Amendment or used their authority and/or Tenn. Code Ann. § 39-17-305 as a pretext to suppress the Plaintiff's freedom of speech rights because they did not like the content of his message. The Defendants deny that they took any action based on the content of the Plaintiff's speech. The Defendants further deny that they lacked probable cause for the arrest and that the arrest violated the Plaintiff's rights under the Fourth Amendment. All remaining allegations in Paragraph III.C. on p. 6 are denied.

9. In response to the allegations contained in the last paragraph of Paragraph III.C., which begins on p. 7 and continues on p. 8 of the Second Amended Complaint, the Defendants admit that on October 6, 2019, the Plaintiff was standing on or near a sidewalk near the intersection of Broad Street and Aquarium Way in the general area where a gay-pride parade was taking place. The Defendants admit that the Plaintiff was holding a sign and making verbal statements with a megaphone that amplified his voice but are without sufficient information or knowledge as to why he was using a megaphone. The Defendants admit that at least part of the Plaintiff's comments involved religious matters. The Defendants are without sufficient information or knowledge to admit or deny that the Plaintiff was "shar[ing] God's Word on various things as He led [the Plaintiff], including sexual orientation." Therefore, for purposes of this Answer, that allegation is denied. The Defendants admit that the Plaintiff was not threatening anyone or behaving aggressively. The Defendants admit that CPD officers arrived at the scene in response to a complaint about the Plaintiff. The Defendants further admit that Officer Puglise informed the Plaintiff that by law he could not use the megaphone without a permit, that he could be arrested if he continued to do so, and that the law that he was violating was not a new law. The Defendants admit that the Plaintiff asked what law he was violating and assert that Officer Puglise pulled up the relevant City Code provision on his laptop computer, showed it to the Plaintiff, and offered to

let him read it in its entirety. At the Plaintiff's request, Officer Puglise wrote down the citation to the law, which was City Code Section 25-69, and gave it to the Plaintiff. Upon information and belief, the Defendants admit that the Plaintiff's wife was present and that she and other CPD officers observed the incident. The Defendants are without sufficient information or knowledge to admit or deny that the Plaintiff captured the entire incident on video; therefore, for purposes of this Answer, that allegation is denied. However, the Defendants assert that they have video of the incident that was recorded on bodyworn cameras. The Defendants deny that they improperly suppressed the Plaintiff's rights under the First Amendment or used their authority, the threat of arrest, and/or City Code Section 25-69 as a pretext to suppress the Plaintiff's freedom of speech rights because they did not like the content of his message. The Defendants deny that they took any action based on the content of the Plaintiff's speech. All remaining allegations in the last paragraph of Paragraph III.C. on pp. 7-8 are denied.

10. The Defendants admit the allegations contained in Paragraph IV. of the Second Amended Complaint.

11. In response to the allegations contained in Paragraph V. of the Second Amended Complaint, the Defendants deny that the Plaintiff is entitled to compensatory damages, punitive damages, lost wages, costs, or any other damages or compensation whatsoever in connection with this lawsuit. The City cannot be liable for any punitive damages as a matter of law. The Defendants further deny that the Plaintiff is entitled to a letter, statement, or any document from CPD regarding his "rights … to shar[e his] faith in public areas within their jurisdiction" or to any injunctive relief or any other type of relief whatsoever.

12. All other allegations contained in the Second Amended Complaint not heretofore admitted, explained or denied are hereby specifically denied, and the Defendants demand strict proof thereof.

### THIRD DEFENSE

The Defendants deny that the City of Chattanooga ("the City") or any of its employees, including the Defendant Officers, deprived the Plaintiff of any constitutional rights or in any way violated the United States Constitution, the Tennessee Constitution, 42 U.S.C. §§1983 or 1988, or any other statutory or common laws in any actions taken toward the Plaintiff.

### FOURTH DEFENSE

The Defendants submit that all of the Defendant Officers enjoy qualified immunity for certain actions as police officers of the City as they were acting at all relevant times pursuant to duly enacted laws of the City and the State of Tennessee.

### FIFTH DEFENSE

The Defendants deny that any claim by the Plaintiff has occurred as a result of any unconstitutional policy, custom, or practice adopted by any official policymaker of the City.

### SIXTH DEFENSE

The Defendants assert that no illegal or discriminatory action was taken by them, in either their official or individual capacities, towards the Plaintiff, and no actions by them occurred as a result of any unconstitutional policy, custom, or practice adopted by the City.

### SEVENTH DEFENSE

The City states that it cannot be held liable for any damages asserted by the Plaintiff claimed on the grounds that any alleged injuries sustained by the Plaintiff were not proximately caused by or directly related to any unconstitutional policy, custom, or practice of the City. The

City specifically asserts that it cannot be held liable for the actions of its employees under 42 U.S.C. § 1983 on the basis of *respondeat superior*. The City further asserts that the actions of the named Defendant Officers were objectively reasonable based upon the facts known to them at the time and that they did not violate the Plaintiff's constitutional rights. Moreover, none of the Defendants' actions violated any statutory or common laws of the State of Tennessee.

### EIGHTH DEFENSE

The City asserts that it was not deliberately indifferent in providing any training or supervision of its officers in connection with this incident.

### NINTH DEFENSE

The City did not knowingly permit, encourage, or tolerate any pattern, practice, or custom of its employees violating the constitutional rights of the public at large. The City asserts that it does not have a policy, practice, or custom of allowing its employees to violate any individual's constitutional rights without fear of discipline. The City further asserts that it does not accept, condone, tolerate, acquiesce, approve, or ratify such behavior.

### TENTH DEFENSE

The Defendants submit that they cannot be subject to punitive damages in this case as a matter of law. Any punitive damages claimed against the Defendant Officers in their individual capacities are not supported by the facts pursuant to 42 U.S.C. § 1988 and/or 28 U.S.C. § 1927.

### ELEVENTH DEFENSE

The City will establish that it properly trained and supervised its employees above and beyond the standards required under Tennessee law. The City further asserts that there was no negligent training or supervision of its officers on or before the dates of the incidents in suit, which proximately caused any injury or damages to the Plaintiff.

## TWELFTH DEFENSE

The Defendants reserve the right to assert any additional defense which its investigation or discovery reveals may apply to bar in whole or in part any of the Plaintiff's claims.

WHEREFORE, having fully answered, the Defendants pray that this cause filed against them be dismissed and that they be allowed to recover reasonable costs and attorney fees.

Respectfully submitted,

OFFICE OF THE CITY ATTORNEY
CITY OF CHATTANOOGA, TENNESSEE

By: s/ Melinda Foster
PHILLIP A. NOBLETT (BPR #10074)
*City Attorney*
MELINDA FOSTER (BPR #28769)
JOSEPH A. KELLY (BPR #14921)
*Assistant City Attorneys*
100 E. 11th Street, Suite 200
Chattanooga, TN 37402
(423) 643-8250 – Telephone
(423) 643-8255 – Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this pleading was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

Served by mail:

> Ile Ray Nix
> 72 Battlefield Circle
> Ringgold, GA 30736

This 8th day of October, 2020.

s/ Melinda Foster